UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA DUNKIN,

      Appellant,

v.

O'QUINN LAW FIRM,

      Appellee.
_____/

Case No. 08-12813

Honorable Denise Page Hood

## ORDER DISMISSING LIEN APPEAL

I.      BACKGROUND

This matter is before the Court on an appeal filed by Patricia Dunkin on an attorney lien filed by the O'Quinn Law Firm before the Settlement Facility-Dow Corning Trust ("SF-DCT"). The O'Quinn Law Firm filed a response to Ms. Dunkin's papers.

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution

Agreement ("SFA")  *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.  The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge."  (Lien Review Procedures, § 7.01)  The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT.  (Lien Review Procedures, § 1.01)  Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained.  (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004.  (Lien Review Procedures, § 6.05)

A claimant wishing to contest the asserted lien must file a Notice of Objection form to the SF-DCT no later than 45 days from the date of the SF-DCT's letter notifying the claimant of the asserted lien.  (Lien Review Procedures, § 4.02(a))  If the claimant submits an objection, then the matter is referred to the Lien Judge for resolution.  (Lien Review Procedures, § 4.02(d))

In this case, Ms. Dunkin does not indicate that she filed objections to the O'Quinn attorney lien on her claim before the SF-DCT.  There is no indication that the Lien Judge issued a ruling on any dispute.  The Court is without authority to review Ms. Dunkin's claim that the

O'Quinn Law Firm is not entitled to the lien since the matter must first be brought before the Lien Judge.  It is noted from the O'Quinn response that the SF-DCT has sent an explant check to the O'Quinn Law Firm but that it was not negotiated because Ms. Dunkin did not return the appropriate form to the O'Quinn Law Firm.  Based on the fact that the O'Quinn Law Firm received a check from the SF-DCT, it appears that Ms. Dunkin did not object to the O'Quinn Law Firm's lien on her claim before the SF-DCT.  In any event, because there is no showing by Ms. Dunkin that she properly objected the lien issue before the SF-DCT and the Lien Judge, the Court must dismiss the appeal.

Accordingly,

IT IS ORDERED that Lien Appeal, Case No. 08-12813 is DISMISSED without prejudice.


　　　　　　　　　　　　　　　　　　　　　　 /s/ Denise Page Hood
　　　　　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
DATED:  October 12, 2011

_____
I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record, by electronic means and/or first class U.S. mail.

　　　　　　　　　　　　　　　　　　　　　　S/ S Schoenherr
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk